DA 06-0626

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 314N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JAMES MICHAEL STEWART,

Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-2005-0247
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Nancy G. Schwartz, Attorney at Law, Billings, Montana

For Appellee:

Hon. Mike McGrath, Montana Attorney General, John Paulson,
Assistant Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney, Georgette Hogan,
Deputy County Attorney, Billings, Montana

Submitted on Briefs:  September 12, 2007

Decided:  December 4, 2007

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James Stewart (Stewart) entered a guilty plea to felony partner and family member assault of his girlfriend, A.W. The Thirteenth Judicial District Court in Yellowstone County imposed a judgment and sentence that required that he have no contact with the victim. He appeals this restriction on the ground that the condition is more restrictive than is necessary to achieve the goals of rehabilitation and protection of A.W. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In March 2005 Stewart and his then-girlfriend of fourteen months, A.W., had an argument resulting in a physical altercation. The Billings Police Department (BPD) responded to a reported domestic assault in progress. Upon arrival at the scene, the officers found A.W. with a black eye and a bloody nose. Stewart had fled the scene. A.W. told officers that Stewart had hit her and when she attempted to get away from him, he threw her to the ground and continued to hit her. Witnesses testified that they saw Stewart kick and punch A.W. while she was on the ground. When he was located and arrested, Stewart reported to the officer that he was very drunk at the time and did not remember much about the incident.

2

¶4 Stewart initially entered a not guilty plea and the State filed notice of its intent to seek persistent felony offender (PFO) status. Stewart ultimately entered into a plea agreement under which the State withdrew its request for PFO status and Stewart pled guilty to felony partner or family member assault. Follow his change of plea, the District Court ordered a pre-sentence investigation (PSI). The PSI outlined Stewart's adult criminal history dating from 1995 which includes, among other things, several alcohol-related offenses and multiple misdemeanor partner or family member assaults. For these types of charges alone, he had been sentenced to pay over $2,000 in fines and spend numerous days in jail. While the PSI does not contain a victim impact statement by A.W., the probation officer nonetheless recommended that Stewart should not be allowed to have contact with her due to his history of violent behavior.

¶5 At Stewart's sentencing in July 2006, he objected to the condition that prohibited him from having any form of contact with A.W. He told the court that A.W. was incarcerated in a federal prison and would likely be released in November 2006. He also informed the court that A.W. had been writing letters to him and had even contacted his attorney trying to reach him. Stewart's counsel expressed concern that the prohibition from contact might set him up for revocation of his probation. The prosecutor adamantly argued that the "no contact" condition remain in Stewart's sentence conditions. The court refused to remove the challenged condition and instructed Stewart to refrain from returning A.W.'s calls and that he could have no other contact with her. The District Court sentenced Stewart to five years with the Department of Corrections with four years suspended. Stewart appealed.

## STANDARD OF REVIEW

¶6    We review a criminal sentence for legality; that is, we determine whether the sentence is within statutory parameters. Such a determination of legality is a question of law. We reiterate that questions of law are reviewed de novo. *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, ¶ 7, 156 P.3d 15, ¶ 7 (citations omitted).

## DISCUSSION

¶7    The District Court's authority to impose restrictions on the suspended portion of Stewart's sentence is governed by §§ 46-18-201-202, MCA (2005)[1]. Pursuant to these statutes, the District Court had the authority to impose reasonable conditions necessary for rehabilitation and for the protection of the victim and society. Section 46-18-201(4)(o), MCA (2005). The District Court also had the authority to restrict Stewart's freedom of association. Section 46-18-202(1)(c), MCA (2005). However, a district court's authority to impose restrictions necessary for the rehabilitation of the defendant or the protection of society is not without limit. We have previously stated that in order to be "reasonably related to the objectives of rehabilitation and protection of the victim and society . . . a sentencing limitation or condition must have . . . some correlation or connection to the underlying offense for which the defendant is being sentenced." *State v. Ommundson*, 1999 MT 16, ¶ 11, 293 Mont. 133, ¶ 11, 974 P.2d 620, ¶ 11. Stewart does not argue that visitations between him and A.W. are not "reasonably related"; rather,

---

[1] The law in effect at the time of Stewart's crime controls his sentence. *State v. Muhammad*, 2002 MT 47, ¶ 24, 309 Mont. 1, ¶ 24, 43 P.3d 318, ¶ 24.

4

he argues that the condition is more restrictive than necessary to accomplish the goal of protecting her.

¶8     We disagree.  The record reveals that the District Court took into consideration the arguments presented at sentencing by both Stewart's attorney and the prosecutor.  We conclude that based on Stewart's past criminal behavior and numerous previous assault charges, the imposition of the "no contact" condition satisfied the goals of victim protection authorized in the applicable statute.

¶9     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the record before us that District Court did not err in its disposition of this matter.  Therefore, we affirm.


                                        /S/ PATRICIA COTTER


We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS